UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT CITRUS COOPERATIVE, INC., a corporation, a/t/a PARAMOUNT CITRUS ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>H&M PRODUCE, INC., a corporation, et al.,<br><br>　　　　Defendants. | 1:08-cv-01210-AWI-SMS<br><br>FINDINGS AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS (DOC. 11) |

Plaintiff is proceeding with counsel with a civil action. Pending before the Court is the Plaintiff's motion for default judgment. The motion proceeds before a Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19). The motion was filed on September 29, 2008, with a supporting memorandum and the declarations of Lewis P. Janowsky and Mary Gutierrez. By separate order, the hearing on the motion was vacated, and the matter has been submitted for decision.

I. <u>Legal Standards</u>

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not

1

certain on the face of the claim and where 1) the defendant has been served with the claim; 2) the defendant's default has been entered for failure to appear; 3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and 4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry or setting aside of a default judgment include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of plaintiff's substantive claim, id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, id.; whether the default was due to excusable neglect, id.; and the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, id.

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392. Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the

1  pleadings, and claims which are legally insufficient, are not
2  established by default. <u>Cripps v. Life Ins. Co. of North America</u>,
3  980 F.2d 1261, 1267 (9th Cir. 1992); <u>TeleVideo Systems, Inc. v.
4  Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).

5      II. <u>Jurisdiction</u>

6      This Court has jurisdiction of the action pursuant to the
7  Perishable Agricultural Commodities Act of 1930 (PACA) as
8  amended, 7 U.S.C. §§ 499e and 499e(c)(5), which provide for a
9  suit in a court of competent jurisdiction, including the district
10 courts of the United States, for the beneficiary of a trust
11 concerning perishable agricultural commodities to enforce payment
12 from the trust, and 28 U.S.C. § 1331, extending jurisdiction to
13 actions arising under federal law.

14     It appears that the complaint contains, in addition to the
15 claims for enforcement of the statutory trust provisions of PACA
16 (Cmplt. pp. 4-5) and for violation of PACA by failure to account
17 and pay promptly (<u>id.</u> at 5-6), a pendant state claim for simple
18 breach of contract. (<u>Id.</u> p. 3.)

19     III. <u>Service and Notice</u>

20     Plaintiff Paramount Citrus Cooperative, Inc., or Paramount
21 Citrus Association (PCC), sues H&M Produce, Inc. (H&M), and
22 Hector Mercado and Mirta Mercado, individuals, for money due for
23 shipments of perishable agricultural commodities made to
24 Defendant in October and November 2006.

25     A proof of service made under penalty of perjury reflects
26 that service on Defendant H&M was made by a registered California
27 process server by delivering the summons, complaint, and related
28 documents to Hector Mercado, President of H&M, Inc., on August

3

1  26, 2008, at the home address listed in H&M's application for
2  credit submitted to PCC. (Doc. 7.) This service satisfies Cal.
3  Civ. Proc. Code § 416.10(b) and Fed. R. Civ. P. 4(e)(1).
4      Likewise, declarations under penalty of perjury from a
5  licensed process server reflect that the summons and complaint
6  were personally served upon Hector Mercado on the same date.
7  (Doc. 6.) Personal service satisfies Fed. R. Civ. P. 4(e)(2)(A)
8  and thus is sufficient.
9      A declaration under penalty of perjury made by a licensed
10 process server reflects that the summons and complaint were
11 served on Mirta Mercado on the same date by personal delivery of
12 copies to Hector Mercado, spouse of Mirta and her co-occupant, at
13 the home address of the Mercados. (Doc. 8.) Such service
14 satisfies Fed. R. Civ. P. 4(e)(2)(B), which requires leaving a
15 copy at the person's dwelling or usual place of abode with
16 someone of suitable age and discretion who resides there.
17     Accordingly, the Court concludes that the summons and
18 complaint were served on August 26, 2008.
19     Further, the notice was adequate pursuant to Fed. R. Civ. P.
20 55(d) and 54(c), which require that a judgment by default shall
21 not be different in kind from or exceed in amount that prayed for
22 in the demand for judgment. Plaintiff expressly sought in the
23 complaint the types of relief sought by the instant application
24 for default judgment, including damages consisting of a principal
25 amount of $28,826.50, pre-judgment and post-judgment interest,
26 attorneys' fees, and costs. (Cmplt. pp. 6-7.)
27     Finally, Fed. R. Civ. P. 55(b)(2) requires that written
28 notice of an application for default judgment be served at least

4

three days prior to the hearing on a defaulting party who has appeared in the action. Here, a proof of service made under penalty of perjury establishes that the motion for default judgment was served on all defendants on September 29, 2008, by mail.

Therefore, it is concluded that legally sufficient service of the complaint and summons were effected, and adequate notice was given to Defendants.

IV. <u>Default</u>

Upon Plaintiff's request, the clerk entered the defaults of the three defendants on September 17, 2008, after the running of the twenty-day time period after service prescribed by Fed. R. Civ. P. 12(a). (Doc. 10.)

V. <u>Status of the Defendants</u>

It is alleged on information and belief that none of the Defendants is an infant, incompetent person, or member of the armed services. (Decl. of Lewis Janowsky ¶ 15.)

Further, it is alleged that the individual Defendants, Hector and Mirta Mercado, were officers, directors, managing members, and insiders of H&M, Inc., with managerial duties and actual and constructive knowledge of the PACA trust and the provisions set forth therein, and who were thus statutory trustees under PACA in positions to control the PACA trust assets that are the subject of the lawsuit. (Cmplt. ¶ 9.) It is further alleged that Defendant H&M was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or broker, and was subject to the provisions of PACA and regulations promulgated by the Secretary Of Agriculture of

5

the United States of America pursuant to PACA. (Id. ¶ 10.)

Plaintiff did not bother to provide the Court with Ninth Circuit authority, but it has been held that individuals associated with corporate defendants may be liable under a PACA trust theory. Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282-83 (9th cir. 1997). Anyone found to be a PACA "dealer" is subject to liability under § 499b for unfair conduct, including the failure to maintain a statutory trust. 104 F.3d at 283. In considering the liability of an individual, a court may look at the closely held nature of a corporation, the individual's active management role, and evidence of the individual's acting for the corporation; an individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty and is personally liable for that tortious act because a PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier. Id. Thus, individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act. Id.

Here, because the control of the individual defendants was expressly alleged in the complaint, the individual defendants may be held liable under PACA.

VI. Legal Sufficiency of the Complaint

Plaintiff briefs the sufficiency of the complaint for recovery under PACA only; Plaintiff does not brief the sufficiency of the first claim, which is for breach of contract.

Title 7 U.S.C. § 499b(4) provides in pertinent part that it shall

6

1  be unlawful in, or in connection with, any transaction in interstate or
2  foreign commerce, for any commission merchant, dealer, or broker to
3  fail or refuse truly and correctly to account and make full payment
4  promptly in respect of any transaction in any perishable agricultural
5  commodity to the person with whom such transaction is had, or to fail,
6  without reasonable cause, to perform any specific action or duty,
7  express or implied, arising out of any undertaking in connection with
8  any such transaction, or to fail to maintain the trust as required
9  under section 499e(c). In pertinent part, § 499e(c)(2) provides for a
10 trust with respect to commodities received:

> 2) Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. Payment shall not be considered to have been made if the supplier, seller, or agent receives a payment instrument which is dishonored.

7 U.S.C. § 499e(c)(2). The unpaid supplier must retain and preserve the benefits of the trust by giving notice of intent to do so to the commissioner merchant, dealer, or broker, and this may be accomplished by giving written notice on ordinary and usual billing or invoice statements. § 499e(c)(3), (4). The notice must be given to the buyer within thirty days of a payment default, or by referring to the trust on invoices. Id.

The elements of recovery under a PACA trust claim are thus the transaction, here a contract for sale of perishable agricultural commodities; purchase and receipt of the perishable agricultural commodities by a commission merchant, dealer, or broker engaged in the

7

handling of produce in interstate and/or foreign commerce, who is thus subject to PACA; a failure to pay fully and promptly, or a failure to maintain the trust as required by § 499e(c); and preservation of trust rights by the seller by notifying of intent to preserve the benefits of the trust on invoices or billing statements. 7 U.S.C. §§ 499b, 499e(c); <u>Sunkist Growers, Inc. v. Fisher</u>, 104 F.3d 280, 284 (9th Cir. 1997).

Here, Plaintiff alleged the controlling status of the individual defendants as statutory trustees, the corporate status of Defendant H&M, and the fact that Defendant H&M was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or broker. (Cmplt. pp. 2-4.) Plaintiff alleged that it shipped perishable agricultural commodities to Defendant H&M at Defendant's request and pursuant to an agreement by Defendant to pay $28,826.50. (<u>Id.</u> pp. 3-4.) Plaintiff repeatedly demanded payment of the amount due, but Defendants failed to pay any portion of the sum due (<u>id.</u> pp. 3-5). Plaintiff also alleged the creation of the trust by the previous events. Although the complaint does not contain allegations concerning notice of intent to preserve the trust, Plaintiff submitted invoices sent to Defendant H&M regarding shipments between October 31 and November 28, 2006, which reflected the language required by 7 U.S.C. § 499e(c). (Decl. of Mary Gutierrez, Ex. 2.)

Accordingly, the Court concludes that the complaint is legally sufficient to state a claim or claims under PACA against all defendants for enforcement of the statutory trust based on a failure to perform the duty to account and pay fully and promptly, and to conserve the trust assets for the benefit of Plaintiff.

As to the claim for breach of contract, Plaintiff has not briefed the legal sufficiency of the claim; Plaintiff has not explained whether

8

it seeks judgment on one or all of the three claims stated in the complaint, and/or if on only some, what disposition is to be made of the claims upon which judgment is not sought.

However, the Court notes that Plaintiff has alleged the contract, its performance of the contract, Defendant H&M's breach of the contract, and damages. This is legally sufficient to entitle the Plaintiff to judgment against Defendant H&M on the claim for breach of contract. Cal. Civ. Code §§ 1549, 1550; Acoustics, Inc. v. Trepte Construction Co., 14 Cal.App.3d 887, 913 (1971).

It is specifically provided in PACA that the remedies created by the Act are in addition to, and are not intended to in any way abridge or alter, the remedies existing at common law or by statute. § 499e(b).

VI. Relief

Any commission merchant, dealer, or broker who violates any provision of § 499b is liable to the persons injured for the full amount of damages, 7 U.S.C. § 499e. Thus, Plaintiff is entitled to judgment for the principal amount of $28,826.50.

Plaintiff also seeks interest at ten per cent per annum pursuant to Cal. Civ. Code § 3289(b) until the amounts due are paid in full, which to the date of filing of the motion (September 29, 2008) amounted to $5,261.74 (Janowsky Decl., ¶ 12, Ex. 3).

Plaintiff seeks costs and attorney's fees based on the provision of the contract between Plaintiff and Defendant H&M that stated that upon the granting of credit, if there was a failure to pay followed by referral to an attorney for collection, the buyer agreed to pay the seller's reasonable

9

1  attorney's fee and all court costs. (Gutierrez Decl., ¶ 6, Ex. 1
2  [Doc. 14-2 p. 2].)
3      It has been held that a PACA trust claim for amounts due on
4  unpaid invoices includes attorney's fees and interest where the
5  invoices provided for attorney's fees and costs. <u>Middle Mountain</u>
6  <u>Land and Produce, Inc. v. Sound</u>, 307 F.3d 1220, 1222-25 (9th Cir.
7  2002). The Court has a limited discretion to award attorney's
8  fees and costs where provided for in the transaction pursuant to
9  7 U.S.C. § 499e(c)(2), which provides for "full payment of the
10 sums owing in connection with such transactions" to be received
11 by the unpaid suppliers, sellers, or agents.
12     The credit agreement was dated December 6, 2006, on the page
13 signed by the individual defendants. The agreement appears to
14 post-date the transactions in question; however, the credit
15 agreement is reasonably contemporaneous with the shipments
16 reflected in the invoices, and it is general in nature. It
17 therefore supports an inference that the agreement covers credit
18 extended with respect to the deliveries that are the basis of the
19 claim in the case before the Court.
20     The Court finds that Plaintiff is entitled reasonable
21 attorney's fees, which consist of 6.1 hours reasonably expended
22 by counsel at a billable rate of $350.00 per hour, or $2,135.00;
23 and 3.6 hours of paralegal time billable at a rate of $125.00 per
24 hour, or $450.00, totaling $2,585.00.
25     Further, Plaintiff is entitled to reasonable costs,
26 amounting to $350.00 for the filing fee.
27     Pursuant to Cal. Civ. Code § 3289, Plaintiff is entitled to
28 prejudgment interest at a rate of ten per cent per annum after

the breach of contract, which is calculated to amount to $5,261.74 to the date of filing of the motion for default judgment on September 29, 2008. (Decl. of Janowsky, ¶¶ 12-13, Ex. 3.)

Finally, Plaintiff seeks post-judgment interest at the rate of ten per cent. However, Plaintiff has not set forth any authority or evidence supporting the request. To the extent that a state contract claim is the basis for the award, in diversity actions, state law generally determines the rate of prejudgment interest, and postjudgment interest is governed by federal law. 28 U.S.C. § 1961; Citicorp Real Estate v. Smith, 155 F.3d 1097, 1107-08 (a9th Cir. 1998). An exception to § 1961 exists when the parties specifically, contractually agree to waive its application. Fidelity Federal Bank, FSB v. Burga Ma Corp. , 387 F.3d 1021, 1023 (9th Cir. 2004).

Here, Plaintiff has not established the right to post-judgment interest other than pursuant to § 1961.

Accordingly, it is concluded that Plaintiff is entitled to post-judgment interest at the federal rate pursuant to 28 U.S.C. § 1961, to be calculated "from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

VII. Discretionary Factors

Here, it does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the subject matter of the instant action. Further,

11

there is no apparent likelihood of a dispute as to a material fact essential to the Plaintiff's case. No just cause for delay appears. It is apparent from the declarations submitted to the Court that none of the defendants is an infant, incompetent, or member of the armed services. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Accordingly, the Court finds that Plaintiff has shown its entitlement to a default judgment.

VIII. Recommendation

Accordingly, it IS RECOMMENDED that

1) Plaintiff's motion for default judgment BE GRANTED IN PART and DENIED IN PART, and

2) Judgment BE ENTERED in favor of Plaintiff Paramount Citrus Cooperative, Inc., a corporation, a/t/a Paramount Citrus Association, and against Defendants Hector Mercado and Mirta Mercado individually, and against Defendant H&M Produce, Inc., on all claims, for $28,826.50 in damages; reasonable attorney's fees of $2,585.00; $350.00 in costs; prejudgment interest at the rate of ten per cent per annum, amounting to $5,261.74 to the date of filing of the motion for default judgment on September 29, 2008; and post-judgment interest at the federal rate pursuant to 28 U.S.C. § 1961, to be calculated "from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

1    This report and recommendation is submitted to the United
2 States District Court Judge assigned to the case, pursuant to the
3 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
4 Local Rules of Practice for the United States District Court,
5 Eastern District of California. Within thirty (30) days after
6 being served with a copy, any party may file written objections
7 with the court and serve a copy on all parties. Such a document
8 should be captioned "Objections to Magistrate Judge's Findings
9 and Recommendations." Replies to the objections shall be served
10 and filed within ten (10) <u>court</u> days (plus three days if served
11 by mail) after service of the objections. The Court will then
12 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
13 (b)(1)(C). The parties are advised that failure to file
14 objections within the specified time may waive the right to
15 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
16 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 23, 2008**              /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE

13